UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X Civil Case No.:

ARIELLE GAZZOLA

                            Plaintiffs,

  -against-

THE STATE YOUNG MEN'S CHRISTIAN
ASSOCIATION OF MAINE and YMCA CAMP OF
MAINE,

                            Defendant.
-------------------------------------------------------------------X

Judge:

Plaintiff Demands
TRIAL BY JURY
OF ALL ISSUES

## COMPLAINT

### JURISDICTION

1. This action arises under 28 U.S.C. Section 1332, as hereinafter more fully appears.

2. Jurisdiction is based on diversity of citizenship, 28 U.S.C. Section 1332, in that there is complete diversity of citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

3. Venue lies in this Court pursuant to 28 U.S.C. Section 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in the County of Suffolk County, State of New York.

### PARTIES

4. The plaintiff, ARIELLE GAZZOLA, is a resident of the State of New York, County of Suffolk.

5. At the time of the incident complained of herein, the plaintiff was a minor at the time of the incident complained of having been born on May 16, 2000.

1

6. That at all times hereinafter mentioned, the defendant THE STATE YOUNG MEN'S CHRISTIAN ASSOCIATION OF MAINE (hereinafter referred to as YMCA OF MAINE) was a foreign corporation duly organized and licensed to do business in the state of Maine.

7. Upon information and belief, that at all times hereinafter mentioned, the defendant YMCA CAMP OF MAINE, was and still is a foreign corporation duly organized and licensed to do business in the State of Maine.

8. Upon information and belief, that at all times hereinafter mentioned, the defendant YMCA CAMP OF MAINE was and still is a subsidiary of the defendant YMCA OF MAINE doing business as YMCA CAMP OF MAINE.

9. Upon information and belief, that at all times hereinafter mentioned, the defendant YMCA OF MAINE was and still is doing business as YMCA CAMP OF MAINE.

10. Upon information and belief, that at all times herein mentioned, the defendant, YMCA OF MAINE was and still is a foreign limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware.

11. Upon information and belief, that at all times herein mentioned, the defendant, YMCA CAMP OF MAINE was and still is a foreign limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware.

**STATEMENT OF FACTS**

12. That on or about the 25th day of May, 2014, the plaintiff was lawfully and properly a camper at the defendant's premises located at 305 Winthrop Center Road, Winthrop, Maine attending a retreat.

13. During the course of the retreat, the plaintiff was compelled to participate in a supervised activity involving ropes and raised platforms. While participating in this supervised activity,

the plaintiff was caused to fall off the platform and strike her head off a tree stump causing plaintiff to sustain severe, serious and permanent injuries.

## AS AND FOR A FIRST CAUSE OF ACTION FOR NEGLIGENCE AGAINST DEFENDANT YMCA OF MAINE

14. Plaintiff repeats, reiterates and realleges all of the allegations contained in paragraphs "1" through "13" of the Complaint with the same force and effect as though fully set forth at length herein.

15. That at all times hereinafter mentioned, the defendant YMCA OF MAINE owned premises known and designated as 305 Winthrop Center Road, Winthrop, Maine.

16. That at all times hereinafter mentioned, the defendant, YMCA OF MAINE leased the premises located at 305 Winthrop Center Road, Winthrop, Maine.

17. That at all times hereinafter mentioned, the defendant, YMCA OF MAINE maintained the premises located at 305 Winthrop Center Road, Winthrop, Maine.

18. That at all times hereinafter mentioned, the defendant, YMCA OF MAINE controlled the premises located at 305 Winthrop Center Road, Winthrop, Maine.

19. That at all times hereinafter mentioned, the defendant, YMCA OF MAINE operated the premises located at 305 Winthrop Center Road, Winthrop, Maine.

20. That at all times hereinafter mentioned, the defendant, YMCA OF MAINE managed the premises located at 305 Winthrop Center Road, Winthrop, Maine.

21. That at all times hereinafter mentioned, the defendant, YMCA OF MAINE , was under a duty to keep and maintain the premises located at 305 Winthrop Center Road, Winthrop, Maine in a reasonably safe condition for all persons lawfully thereat, including the plaintiff, ARIELLE GAZZOLA.

22. That at all times hereinafter mentioned, the premises known as YMCA CAMP OF MAINE is a business open to the general public and in use by the patrons/customers of said establishment.

23. That the defendant YMCA OF MAINE operated a camp facility at 305 Winthrop Center Road, Winthrop, Maine.

24. That the defendant YMCA OF MAINE maintained a camp facility at 305 Winthrop Center Road, Winthrop, Maine.

25. That the defendant YMCA OF MAINE controlled a camp facility at 305 Winthrop Center Road, Winthrop, Maine.

26. That the defendant YMCA OF MAINE hired individuals to work at the camp facility.

27. That the said individuals were hired to supervise and oversee various outdoor activities.

28. That on or about the 25th day of May, 2014, the defendant YMCA OF MAINE was holding a retreat at its facility located at 305 Winthrop Center Road, Winthrop, Maine.

29. That on or about the 25th day of May, 2014, the minors attending the aforesaid retreat were under the care and charge of the defendant YMCA OF MAINE.

30. That on or about the 25th day of May, 2014, it was the duty of the defendant YMCA OF MAINE to supervise minors attending the retreat at the aforesaid premises.

31. That at all times hereinafter mentioned the defendant YMCA OF MAINE controlled the children attending the aforesaid retreat.

32. That on or about the 25th day of May, 2014, the plaintiff, ARIELLE GAZZOLA, was a minor.

33. That on or about the 25th day of May, 2014, the plaintiff, ARIELLE GAZZOLA was lawfully and properly at the retreat being held at the defendant camp.

34. That at all times hereinafter mentioned, the plaintiff, ARIELLE GAZZOLA, was lawfully at the premises/ camp known as YMCA CAMP OF MAINE located at 305 Winthrop Center Road, Winthrop, Maine.

35. That on the 25th day of May, 2014, plaintiff was under the care and charge of defendant YMCA OF MAINE.

36. That on the 25th day of May, 2014, plaintiff was injured while in the care and charge of the defendant, YMCA OF MAINE.

37. That at all times mentioned herein, there was a dangerous and defective condition at the aforesaid premises.

38. That at all times hereinafter mentioned and on or about the 25th day of May, 2014, the plaintiff, an infant at the time, was lawfully and properly participating in a supervised activity by defendant YMCA OF MAINE involving ropes and a raised platform when she was caused to violently fall off the platform due to the overcrowding on said platform and to strike her head on a tree stump which was negligently permitted to remain near the platform and she was caused to sustain severe, serious and permanent injuries.

39. That the activity in which the plaintiff was compelled to participate was dangerous.

40. That the aforesaid platform constituted a dangerous and defective condition.

41. That the aforesaid tree stump constituted a dangerous and defective condition.

42. That causing, allowing and permitting the tree stump and platform to be in close proximity constituted a dangerous and defective condition.

43. That the defendant, its agents, servants and employees were aware of the dangerous and defective activity and condition.

44. That the defendant, its agents, servants and employees permitted said dangerous activity and said dangerous condition to exist.

45. That the aforesaid fall occurred by reason of and due to the aforesaid dangerous and defective conditions.

46. That at all times hereinafter mentioned, the defendants had both actual and constructive notice of said dangerous and defective conditions.

47. That the defendants had caused and created the subject dangerous and defective conditions.

48. That the aforesaid occurred by reason of the negligence of the defendant, its agents, servants and employees.

49. That by reason of the foregoing, plaintiff was caused to sustain severe, serious and permanent

50. That the occurrence took place by the reason of the negligence and carelessness of the defendant, YMCA OF MAINE, its agents, servants and/or employees, in the operation, maintenance, management and control of the premises known as 305 Winthrop Center Road, Winthrop, Maine without any negligence on the part of the plaintiff contributing thereto.

51. That at all times mentioned herein, the aforesaid fall occurred by reason of and due to the aforesaid dangerous and defective conditions.

52. That at all times herein mentioned, defendant had both actual and constructive notice of said dangerous and defective conditions.

53. That the defendants had caused and created the subject dangerous and defective conditions.

54. That the aforesaid occurred by reason of the negligence of the defendant in the ownership, operation, maintenance, control and management of the subject premises.

55. That the aforesaid occurred by reason of the negligence of the defendant, its agents, servants and/or employees in failing to properly hire, train and supervise its employees.

56. That the aforesaid occurred by reason of the negligence of the defendant, its agents, servants and/or employees in failing to properly supervise the minors attending the aforesaid retreat.

57. That the aforesaid occurred by reason of the negligence of the defendant in the control, management and supervision of the children attending the aforesaid retreat.

58. That this action falls within one of the exceptions of Article 16 of the CPLR.

59. That by reason of the negligence and carelessness of the defendant, YMCA OF MAINE as aforesaid, plaintiff sustained severe and serious personal injuries and was rendered sick, sore, lame and disabled, sustained severe nervous shock, mental anguish and great physical pain, and was compelled to undergo medical aid and treatment and she was hospitalized and incapacitated from her employment, and will require further medical care and attention in an effort to cure herself of said injuries; was compelled to expand and become obligated for sums of money for medical attention; was prevented from attending to her usual duties for a long period of time, all with attendant losses, and upon information and belief, her injuries are permanent and she will continue to suffer similar damages in the future.

60. That by reason of the pain and suffering of the plaintiff, plaintiff has been damaged in the amount of FIVE MILLION ($5,000,000.00) DOLLARS and makes claim for said sum.

## AS AND FOR A SECOND CAUSE OF ACTION FOR NEGLIGENCE AGAINST DEFENDANT YMCA CAMP OF MAINE

61. The plaintiff's repeats reiterates and realleges all of the allegations contained in paragraphs "1" through "60" of the plaintiff's complaint with the same force and effect as if more fully set forth at length herein.

62. The plaintiffs, ARIELLE GAZZOLA, is a resident of the State of New York.

63. That at all times hereinafter mentioned, the defendant YMCA CAMP OF MAINE owned premises known and designated as 305 Winthrop Center Road, Winthrop, Maine.

64. That at all times hereinafter mentioned, the defendant, YMCA CAMP OF MAINE leased the premises located at 305 Winthrop Center Road, Winthrop, Maine.

65. That at all times hereinafter mentioned, the defendant, YMCA CAMP OF MAINE maintained the premises located at 305 Winthrop Center Road, Winthrop, Maine.

66. That at all times hereinafter mentioned, the defendant, YMCA CAMP OF MAINE controlled the premises located at 305 Winthrop Center Road, Winthrop, Maine.

67. That at all times hereinafter mentioned, the defendant, YMCA CAMP OF MAINE operated the premises located at 305 Winthrop Center Road, Winthrop, Maine.

68. That at all times hereinafter mentioned, the defendant, YMCA CAMP OF MAINE managed the premises located at 305 Winthrop Center Road, Winthrop, Maine.

69. That at all times hereinafter mentioned, the defendant, YMCA CAMP OF MAINE , was under a duty to keep and maintain the premises located at 305 Winthrop Center Road, Winthrop, Maine in a reasonably safe condition for all persons lawfully thereat, including the plaintiff, ARIELLE GAZZOLA.

70. That at all times hereinafter mentioned, the premises known as YMCA CAMP OF MAINE is a business open to the general public and in use by the patrons/customers of said establishment.

71. That the defendant YMCA CAMP OF MAINE operated a camp facility at 305 Winthrop Center Road, Winthrop, Maine.

72. That the defendant YMCA CAMP OF MAINE maintained a camp facility at 305 Winthrop Center Road, Winthrop, Maine.

73. That the defendant YMCA CAMP OF MAINE controlled a camp facility at 305 Winthrop Center Road, Winthrop, Maine.

74. That the defendant YMCA CAMP OF MAINE hired individuals to work at the camp facility.

75. That the said individuals were hired to supervise and oversee various outdoor activities.

76. That on or about the 25th day of May, 2014, the defendant YMCA CAMP OF MAINE was holding a retreat at its facility located at 305 Winthrop Center Road, Winthrop, Maine.

77. That on or about the 25th day of May, 2014, the children attending the aforesaid retreat were under the care and charge of the defendant YMCA CAMP OF MAINE.

78. That on or about the 25th day of May, 2014, it was the duty of the defendant YMCA CAMP OF MAINE to supervise children attending the retreat at the aforesaid premises.

79. That at all times hereinafter mentioned the defendant YMCA CAMP OF MAINE controlled the children attending the aforesaid retreat.

80. That on or about the 25th day of May, 2014, the plaintiff, ARIELLE GAZZOLA, was a minor.

81. That on or about the 25th day of May, 2014, the plaintiff, ARIELLE GAZZOLA was lawfully and properly at the retreat being held at the defendants camp and premises.

82. That at all times hereinafter mentioned, the plaintiff, ARIELLE GAZZOLA, was lawfully at the premises/ camp known as YMCA CAMP OF MAINE located at 305 Winthrop Center Road, Winthrop, Maine.

83. That on the 25th day of May, 2014, plaintiff was under the care and charge of defendant YMCA CAMP OF MAINE.

84. That on the 25gh day of May, 2014, plaintiff was injured while in the care and charge of the defendant, YMCA CAMP OF MAINE.

85. That at all times mentioned herein, there was a dangerous and defective condition at the aforesaid premises.

86. That at all times hereinafter mentioned and on or about the 25th day of May, 2014, the infant plaintiff was lawfully and properly participating in a supervised activity by defendant YMCA CAMP OF MAINE involving ropes and a raised platform when she was caused to violently fall off the platform due to the overcrowding on said platform and to strike her head on a tree stump which was negligently permitted to remain near the platform and she was caused to sustain severe, serious and permanent injuries.

87. That the activity in which the plaintiff was compelled to participate was dangerous and negligent.

88. That the aforesaid platform constituted a dangerous and defective condition.

89. That the aforesaid tree stump constituted a dangerous and defective condition.

90. That causing, allowing and permitting the tree stump and platform to be in close proximity constituted a dangerous and defective condition.

91. That the defendant, its agents, servants and employees were aware of the dangerous and defective activity and condition.

92. That the defendant, its agents, servants and employees permitted said dangerous activity and said dangerous condition to exist.

93. That the aforesaid fall occurred by reason of and due to the aforesaid dangerous and defective conditions.

94. That at all times hereinafter mentioned, the defendants had both actual and constructive notice of said dangerous and defective conditions.

95. That the defendant had caused and created the subject dangerous and defective conditions.

96. That the aforesaid occurred by reason of the negligence of the defendant, its agents, servants and employees.

97. That by reason of the foregoing, plaintiff was caused to sustain severe, serious and permanent

98. That the occurrence took place by the reason of the negligence and carelessness of the defendant, YMCA CAMP OF MAINE, its agents, servants and/or employees, in the operation, maintenance, management and control of the premises known as 305 Winthrop Center Road, Winthrop, Maine without any negligence on the part of the plaintiff contributing thereto.

99. That at all times mentioned herein, the aforesaid fall occurred by reason of and due to the aforesaid dangerous and defective conditions.

100. That at all times herein mentioned, defendant had both actual and constructive notice of said dangerous and defective conditions.

101. That the defendants had caused and created the subject dangerous and defective conditions.

102. That the aforesaid occurred by reason of the negligence of the defendant in the ownership, operation, maintenance, control and management of the subject premises.

103. That the aforesaid occurred by reason of the negligence of the defendant, its agents, servants and/or employees in failing to properly hire, train and supervise it's employees.

104. That the aforesaid occurred by reason of the negligence of the defendant, its agents, servants and/or employees in failing to properly supervise the children attending the aforesaid retreat.

105. That the aforesaid occurred by reason of the negligence of the defendant in the control, management and supervision of the children attending the aforesaid retreat.

106. That this action falls within one of the exceptions of Article 16 of the CPLR.

107. That by reason of the negligence and carelessness of the defendant, YMCA CAMP OF MAINE as aforesaid, plaintiff sustained severe and serious personal injuries and was rendered sick, sore, lame and disabled, sustained severe nervous shock, mental anguish and great physical pain, and was compelled to undergo medical aid and treatment and she was hospitalized and incapacitated from her employment, and will require further medical care and attention in an effort to cure herself of said injuries; was compelled to expand and become obligated for sums of money for medical attention; was prevented from attending to her usual duties for a long period of time, all with attendant losses, and upon information and belief, her injuries are permanent and she will continue to suffer similar damages in the future.

108. That by reason of the pain and suffering of the plaintiff, plaintiff has been damaged in the amount of FIVE MILLION ($5,000,000.00) DOLLARS and makes claim for said sum.

**WHEREFORE** plaintiff demands judgment against the defendant YMCA OF MAINE in the sum of FIVE MILLION ($5,000,000.00) DOLLARS on the First Cause of Action; in the sum of FIVE MILLION ($5,000,000.00) DOLLARS on the Second Cause of Action against the defendant YMCA CAMP OF MAINE, together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances

LAW OFFICES OF PETER D. BARON, PLLC
Attorneys for Plaintiffs

Peter D. Baron (PB8519)
532 Broadhollow Road, Suite 114
Melville, New York 11747
631-367-7000

Dated: Melville, New York
January 5, 2021

## **ATTORNEY VERIFICATION**

The undersigned, an attorney admitted to practice in the Courts of the State of New York and the United States District Court, Eastern District of New York, and a member of the law firm of LAW OFFICES OF PETER D. BARON, PLLC, attorneys of record for the plaintiff herein, affirms:

That I have read the attached COMPLAINT and the same is true to my own knowledge, except as to the matters alleged on information and belief, and as to those matters, I believe them to be true to the best of my knowledge.

That affirmant's sources of information are facts as ascertained from plaintiff, upon investigation and files maintained in your affirmant's law office.

That this verification is made by your affirmant due to the fact that plaintiff does not reside within the county in which your affirmant maintains her/his law office, or are presently unavailable.

The undersigned affirms that the foregoing statements are true, under penalties of perjury.

Dated: Melville, New York
       January 5, 2021

_____
Peter D. Baron (PB8519)

## CERTIFICATION

I hereby certify that all of the papers I have served, filed or submitted to the Court in the above captioned action are not frivolous as defined in Federal Rule of Civil Procedure Rule 11.

Dated: Melville, New York
       January 5, 2021

                                           Peter D. Baron (PB8519)